SLAVENS *et al.* v. COOK DRUG COMPANY *et al.*,
*Appellants.*

Division One, May 14, 1895.

Corporation: DEBTOR AND CREDITOR: PREFERENCE. A corporation has the right, in good faith, to prefer a creditor, though it is in a failing condition, irrespective of whether its managers intend to go on, or to wind up its business, so long as the corporation is not dissolved, and retains control of its property. (*Alberger v. Bank*, 123 Mo. 313, followed.)

*Appeal from Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Karnes, Holmes & Krauthoff* for appellants.

Since the trial below, the doctrine invoked in support of this action has been disapproved by this court. So that, independent of the question whether the facts of this case would bring it within the rule contended for by plaintiffs, the judgment will have to be reversed and the cause remanded with directions to adjudge the costs, expenses and damages resulting from this litiga-

tion against the plaintiffs. *Alberger v. Bank,* 123 Mo. 313.

*W. F. Spotswood* for respondents.

(1) *Alberger v. Bank,* 123 Mo. 313, does not rule this case. Respondents make no contention that mere insolvency limits the *jus disponendi* of a corporation to a *pro rata* distribution of its funds among creditors; nor do we rest the creditor's right to a *pro rata* share of assets upon any trust created by the corporation's insolvent or non going condition. (2) The true doctrine is that a corporation receives its funds, in the first instance, in trust for two purposes: *first,* to carry on the business; *second,* when this is no longer contemplated or possible, to apply the fund impartially in the payment of debts; balance, if any, to go to the stockholders. (3) If such are the terms of the original trust, then, where the corporation is insolvent, a transfer to one creditor of more than his *pro rata* share of the assets, if it is made with intent to abandon business, or must necessarily result in such abandonment, can only be made subject to the equities of other creditors, created by a condition contained in the original trust, to become operative in such a contingency. (4) Certainly a transfer, made under such circumstances, should not, on the principles applicable to trust property, be permitted to work a preference to a creditor, where such creditor has actual or constructive notice of the circumstances. (5) The doctrine contended for by respondents is the only logical justification for the decision in *Larrabee v. Bank,* 114 Mo. 592. In that case the court speaks of a preferment which "deprives the corporation of the power to continue in its due course of business, and renders it necessary for it to suspend," as an exception to the rule that a corporation

may prefer creditors. (6) Whatever may be said of this doctrine, viewed merely as a doctrine of the common law, it is sound and logical under a statute like ours, which requires the creation of a corporate fund, and the actual deposit of a fixed proportion of it, before the corporation can begin business. (7) The doctrine we maintain is not inconsistent with the power of a corporation to assign for the benefit of creditors. The corporate managers being trustees for all the creditors, the doctrine of superior diligence has no application. Equity does not make the rights of such beneficiaries depend upon the result of a scramble for favor. The trustee owes an equal duty to all, and each has a right to rely upon his performance of it. *Rouse v. Bank*, 46 Ohio St. 493; *Lyons & Co. v. Perry & Co.*, 24 S. W. Rep. (Sup. Ct. Texas), 16; *Harigan v. Quay*, 26 S. W. Rep. 512; *Marr v. Bank*, 4 Cold. 471; *Robins v. Embry*, 1 Sm. & M. Ch. (Miss.), 207; *Williams v. Jones*, 23 Mo. App. 132; *State ex rel. v. Brockman*, 39 Mo. App. 131; Morawetz on Corporations [2 Ed.], sec. 803; *Holbrook v. Peters*, 36 Pac. Rep. (Sup. Ct. Wash.) 256; *Ford v. Bank*, 38 N. E. Rep. (Supt. Ct. Mich.), 766; *Hightower v. Mustian*, 8 Ga. 506; *Kankee & Co. v. Kampe*, 38 Mo. App. 229. But this case is to be decided upon principle rather than upon authority. We submit that, under a statute such as ours, requiring the creation of a trust fund, the doctrine for which we contend is sustained by the better reasoning.

BARCLAY, J.—This is a suit by some general creditors of the Cook Drug Company, a corporation, against the latter and two creditors (Woodward, Faxon & Co., and Meyer Bros. Drug Co.) in whose favor the Cook Company had given chattel mortgages by way of preference of valid debts, due by the latter company.

The suit is equitable in character. It seeks to enjoin the preferred creditors from disposing of the property covered by the mortgages, to cancel the latter, and to secure a ratable distribution of the property of the drug company among all its creditors.

The answer of the preferred creditors admitted the giving of the mortgages, and the taking of possession of the property of the drug company thereunder; but they denied other allegations of the petition.

It is not necessary, however, to give a full outline of the pleadings. The real dispute lies in a narrow compass and can be shortly stated.

May 25, 1891, the Cook Drug Company was in business in Kansas City, Missouri. It ran a drug store at that place; but, at the date mentioned, it had become financially embarrassed. Its bank account was overdrawn. Some of its commercial paper had gone to protest. It owed about $7,000. Its assets (as appraised under an order of court in this case) were worth about $6,500.

The chattel mortgages were executed on the date above mentioned, and were recorded on the same day. They secured two notes, due to the preferred creditors. The notes amounted to $4,847.17; and the mortgages authorized the mortgagees to buy at any public sale of the mortgaged property. The latter consisted of the goods and general assets of the drug company.

There is no question raised as to the good faith of the debts secured by the mortgages to the favored creditors. There is no imputation of any fraud by the latter in reference to the other creditors of the Cook Drug Company.

Under the petition an injunction was granted, which prevented any disposition of the property in question until the subsequent order by the court for its

sale.   It realized $5,200, which was found to be a fair price for the assets in their then condition.

The preferred creditors took possession of the property covered by the mortgages, and according to their terms, May 25, 1891.   At that time the property was under attachment against the Cook Drug Company in an action against the latter; but the attachment was released on payment (by the company or by one of the preferred creditors) of the demand sued for.

A prior attachment for a small claim had been levied; but it had been released by payment of the demand then made.

When the preferred creditors took possession under their chattel mortgages, the Cook Company's store was still "running."   The business had not actually been suspended.

The trial court on a hearing set aside the preferences, and entered a decree requiring the preferred creditors to share the assets of the company, covered by the mortgages, on an equal footing with the unsecured creditors.

The preferred creditors took the pending appeal, after the necessary moves to obtain a review.

The facts are not questioned.   The defendants offered no testimony, and rely on the case disclosed by plaintiff's own evidence.

At the time the judgment in the case was given by the learned trial judge, the ruling of the first division of this court in *Alberger v. Bank* (1894), 123 Mo. 313, (27 S. W. Rep. 657) had not been made.   We consider that ruling decisive of this case, and it is unnecessary to repeat what was then said.

The learned counsel for plaintiffs seek to raise a distinction between the right of a corporation to prefer one creditor over another in the payment of its debts, when it is in a failing condition and has resolved to

wind up its affairs or to quit business, and its right to prefer a creditor when it intends to continue its business. It is claimed that in the latter event the corporation has a right to prefer a creditor, but that, in the former case, it has no such right.

We do not think such a distinction can be maintained upon principle, under the existing law of Missouri.

The right to prefer is incident to the right of control over the corporate property for corporate purposes. The payment of just debts is unquestionably within the scope of legitimate corporate business. That control (subject to the requirement of observing good faith) does not depend on the condition that the corporate managers intend to go forward with the corporate enterprise. Even if they do not so intend, the debts of the concern should be paid, as far as it is possible to pay them. In times of commercial stress, the intention of the managers (in regard to the continuance of the trade or business of the concern) may change from day to day, or even from hour to hour. We do not think the right to prefer, or the right to immediately pay honest demands, can justly be made to depend upon the presence or absence of an intent to further prosecute the corporate enterprise. So long as the corporation is not dissolved and retains control of its property, and the latter has not been reached or affected by the action of some court or by process of law, the right of ownership of the property carries with it the right to make an honest preference in regard to it, that is to say, the right to pay one creditor before another from the corporate assets.

We discern no difference in principle between the present and the *Alberger case.*

Accordingly, we reverse the judgment and remand the cause for such further proceedings as may be appro-

priate to give effect to the principles declared in that decision. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.