SAMUEL S. SMITH, Respondent, v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Garnishee, etc.; JAMES CRAIG, JR., Interpleader and Appellant.

Kansas City Court of Appeals, April 4, 1892.

Garnishment: EFFECT OF REVERSAL OF ATTACHMENT JUDGMENT. Where the judgment sustaining the attachment is reversed, a judgment against a garnishee of the attachment defendant in a contest with an assignee of such defendant should also be reversed.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Stephen S. Brown* and *Simmons, Keller & Castle,* for appellant.

The same facts were before this court in *Smith v. Exposition Ass'n*, 47 Mo. App. 462, and the same point was necessarily and fully decided in that case.

No brief for respondent.

PER CURIAM.—The judgment of the Buchanan circuit court, sustaining the attachment in the cause in which these proceedings were taken, was brought to this court by appeal, and was, at the last term, reversed without being remanded. 47 Mo. App. 462. Under the writ of attachment in that case, the Kansas City, St. Joseph & Council Bluffs Railroad Company was, on the fifth day of October, 1890, summoned as garnishee, and answered as follows:

"Garnishee further states that, prior to the date of the service of garnishment process therein, an arrangement or agreement was entered into between the defendant, this garnishee, whereby garnishee provided and sold tickets over its railroad having attached coupons, which, under said agreement between the above-mentioned parties, entitled the purchaser to admission into the exposition.

"That, at the date of the service of garnishment herein, this garnishee had, under the above-mentioned agreement, sold a large number of such coupons attached to its railroad tickets, and at said date had in its possession $500 arising from the proceeds of the sales of such coupons for admission to said exposition.

"That one James Craig, Jr., claims that said sum remaining in the hands of this garnishee, arising as the proceeds of the sale of coupons for admission into said exposition, has been assigned and transferred by said exposition company to him; that such assignment was made prior to the date of the service of this garnishment upon this garnishee, for a valuable consideration; that he is entitled to receive and receipt for the money so held by this garnishee, and said Craig has caused the following notice to be served upon this garnishee by the sheriff of this county, to-wit:" (The answer

then sets out the contents of a written notice served by Craig upon the garnishee, stating his claim to the money and the facts upon which it was based.)

Mr. Craig interpleaded, claiming the money; and this appeal is from the judgment of the court upon this interplea, which was against the interpleader. The original attachment suit upon which the garnishment herein is founded was decided by this court at last term, wherein we reversed the judgment of the trial court, sustaining said attachment. That case really determines this. An examination of the record satisfies us that the judgment below should have been for the interpleader, and we will reverse the judgment and remand the cause with directions to enter judgment for him.