SCHUFELDT *et al.* v. SMITH *et al.*, *Appellants.*

Division One, November 26, 1895.

1. **Corporations**: OFFICERS: LOANS. Officers of a corporation may advance money to, or indorse for, it, and the transaction will bind the corporation.

2. ————: INSOLVENCY: PREFERENCE. A corporation, so long as it retains control of its property, though insolvent, may, when acting honestly, prefer one creditor to another.

3. ————: ————: ————: STOCKHOLDERS AND OFFICERS. Such right of preference extends to stockholders and officers who are *bona fide* creditors of the corporation.

4. ————: ————: ————: ————: PRESUMPTION. The burden of showing such *bona fide* character rests on the directors voting a preference to themselves; their act in so doing being *prima facie* fraudulent.

*Appeal from Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish, S. S. Brown* and *H. K. White* for appellants.

A corporation in the transaction of its business, though embarrassed, can convey its assets by way of deed of trust, making a preference among its creditors. 2 Kent's Com. 315, note g., and also 281; Cook on Corp. [2. Ed.] 691. Angell & Ames on Corp. [11 Ed.] 187; 1 Beach on Priv. Corp. 358; 2 Potter on Corp. 695; Burrill on Assignments [5 Ed.], 64; *St. Louis v. Alexander*, 23 Mo. 483; *Kitchen v. Railroad*, 69 Mo.

224; *Shockley v. Fisher*, 75 Mo. 498; *Foster v. Mullanphy Co.*, 92 Mo. 79; *Larrabee v. Bank*, 114 Mo. 592; *Alberger v. Bank*, 27 S. W. Rep. 657; *La Grange Butter Tub Co. v. Bank*, 27 S. W. Rep. 710.  (2)  The fact that one of the claims preferred was guaranteed by the president of the corporation, and that another was the property of the estate of a decedent of which the president of the corporation was administrator, will not invalidate the deed in any respect.  *St. Louis v. Alexander*, 23 Mo. 483; *Foster v. Mullanphy Co.*, 92 Mo. 79; *Buell. v. Buckingham*, 16 Iowa, 284; *Hallam v. Hotel Co.*, 56 Iowa, 179; *Montreal v. Potts Salt Co.*, 90 Mich. 345; *In re Conway*, 4 Ark. 302; *Ringo v. Biscoe*, 13 Ark. 563; *Bank v. Whittle*, 78 Va. 739; *Hospes v. Car Co.*, 48 Minn. 174; *Catlin v. Bank*, 6 Conn. 233; *Wilkinson v. Bauerle*, 41 N. J. Eq. 635; *Whitwell v. Warner*, 20 Vt. 425.; *Gordon v. Preston*, 1 Watts, 385; *Duncomb v. Railway Co.*, 84 N. Y. 190; *Banking Co. v. Claghorn*, 1 Speer's Eq. 545; *Gould v. Little Rock, etc.*, 52 Fed. Rep. 680.  (3)  Walsh's vote as director was not necessary to order the deed of trust.  Two of the directors, Byrne and McGuire, constituted a quorum, and their votes in favor of the deed of trust made it the act of the corporation, even if Walsh's vote in its favor be excluded.  *Foster v. Mullanphy Co.*, 92 Mo. 79; Cook on Stockholders, 713; *Buell v. Buckingham*, 16 Iowa, 284.  (4)  Even if a single director's interest in the claims, one of which he held as administrator, and another of which he had indorsed, rendered the deed as invalid as to those claims, the deed remains good as to the others.  Jones on Chattel Mortgages, 336; *Hardcastle v. Fisher*, 24 Mo. 70; *Foster v. Mullanphy Co.*, 92 Mo. 79; *Morris v. Lindauer*, 4 C. C. A. 162; *Cohn v. Ward*, 9 S. E. Rep. 41; *Riggon v. Wolf*, 14 S. W. Rep. 922.

*Dowe, Johnson & Rusk, Stauber & Crandall, W. P. Hall* and *Vinton Pike* for respondents.

(1)   The directors of an insolvent corporation can not be made preferred creditors for unsecured debts.   This rule is universal where the vote of the preferred director or directors is necessary to the giving of the preference. *Suddath v. Gallagher*, 28 S. W. Rep. 880; *Bridgins v. Bank*, 66 Fed. Rep. 9; *La Grange Butter Tub Co. v. Bank*, 122 Mo. 154; *Hill v. Rich Hill Coal Company*, 119 Mo. 9; *Roan v. Winn*, 93 Mo. 503; *Foster v. Planing Mill Co.*, 92 Mo. 79; *Williams v. Jackson Co., etc.*, 23 Mo. App. 132; *Adams v. Milling Co.*, 35 Fed. Rep. (Mo.) 433.   (2)   A corporation is insolvent within the rule as to preferring creditors when its assets are insufficient to pay its debts and it has ceased to do business or is in the act of taking a step which will practically incapacitate it for conducting the corporate enterprise. *Corey v. Wadsworth*, 11 So. Rep. 35; *Dodge v. Mastin*, 17 Fed. Rep. 660; 11 Am. and Eng. Encyclopedia, 168; 172; Morse on Banks and Banking, sec. 662; Gluck and Becker on Rec. of Corp., secs. 14, 49; *Reid v. Lloyd*, 52 Mo. App. 282; *State ex rel. v. Koontz*, 83 Mo. 323; *Eddy v. Baldwin*, 32 Mo. 369; *Buchanan v. Smith*, 16 Wall (U. S.), 277.   (3)   Directors are charged with knowledge as to the solvency of their corporation. *McDaniel v. Harvey*, 51 Mo. App. 198; *Hopkins App.*, 90 Pa. St. 69; *Sicardi v. Keystone Oil Co.*, 149 Pa. St. 148; *Lory Banking Co. v. Empire Lumber Co.*, 91 Ga. 624; *Corey v. Wadsworth*, 11 So. Rep. 35; *Jones v. Co.*, 38 Ark. 25.   (4)   The execution of a conveyance of all its property by a corporation is a confession of insolvency. *Kellogg v. Richardson*, 18 Fed. Rep. 71; *Finney Gro. Co. v. Miller*, 53 Mo. App. 170; *Walton v. Bank*, 22 Pac. Rep. (Col.) 142; *Tank Line Co. v. Varnish Co.*, 45 Fed. Rep. 13; Morse on

Banks and Banking, sec. 622. (5) Inasmuch as the directors were preferred in the deed of trust, they were disqualified by their self-interest from acting and making such preference as trustees of the corporation. The deed of trust is, therefore, void *in toto* on account of the disqualification of the directors to act as trustees of the corporation in a matter in which they were personally interested. *Suddath v. Gallagher*, 28 S. W. Rep. 880; *Bridgins v. Bank*, 66 Fed. Rep. 9; *Roane v. Winne*, 93 Mo. 503; *Foster v. Mullanphy Co.*, 92 Mo. 79; *Williams v. Jackson County, etc.*, 23 Mo. App. 132; *Adams v. Milling Co.*, 35 Fed. Rep. 433; *Tank Line Co. v. Varnish Co.*, 43 Fed. Rep. 204; 45 Fed. Rep. 7; *Duncombe v. Railroad*, 84 N. Y. 190. (6) When the corporation became insolvent its assets became *ipso facto* a trust fund in the hands of its directors for the benefit of its creditors, and the directors were disqualified from dealing with this fund for their own benefit or advantage. It, therefore, follows that the attempt on the part of the directors to authorize the execution by the corporation of the deed of trust in which certain debts of the directors were attempted to be preferred was void. *Munson v. Railroad*, 103 N. Y. 73; *Lamb v. Laughlin*, 25 W. Va. 300; *Mfg. Co. v. Hutchinson*, 63 Fed. Rep. 496; *Bradley v. Farwell*, 1 Holmes, 433; *Adams v. Milling Co.*, 35 Fed. Rep. 433; *Ward v. Davidson*, 89 Mo. 445.

MACFARLANE, J.—This suit is to set aside a certain deed of trust, executed on the eighteenth day of March, 1893, by the James Walsh Mercantile Company, a business corporation, to defendant, J. Francis Smith, as trustee, to secure its creditors in the order therein named. The deed was executed in pursuance of this resolution of the board of directors:

"WHEREAS, This corporation is unable to meet its obligations as they fall due, though its assets are much more than its liabilities;

"*Resolved*, That in order to more economically dispose of such portion of its assets as may be necessary to pay its debts than could be done if legal proceedings should be instituted, the corporation convey all its property, real, personal, and mixed, to J. Francis Smith, as trustee, with powers of sale and collection, and that such trustee pay, *first*, costs of the trust; *second*, debts preferred by the state laws of Missouri; *third*, obligations for borrowed money not secured by collateral; *fourth*, balance due on notes for borrowed money secured by collateral after application of collateral and their proceeds; and notes of other parties discounted by the company, after due attempt to collect from makers; *fifth*, other indebtedness of the company not disputed."

The deed of trust was drawn in accordance with the resolution. The creditors of the various classes, with the amounts due each, were specified and directions were given the trustee to pay the debts in the order named. The debts of the third class as specified in the mortgage aggregated about $35,000, and those of the fourth class about $56,000. The fifth class of creditors secured were the general mercantile creditors of the corporation. The debts of this class aggregated about $30,000. Creditors of this class prosecute this suit. Pending the suit, defendant Smith was appointed receiver. The face value of the assets amounted to about $300,000 but on account of depreciation it was thought by the receiver that not more than $100,000 could be realized on them. There would be, therefore, but little, if anything, to apply on the fifth class of debts. Under the deed of trust, power of sale

was given the trustee, as also authority to collect the debts due the company.

It was charged in the petition "that certain of the indebtedness in preferred classes three and four, is the individual indebtedness of the officers and directors of said corporation, and was contracted for the purpose of protecting the individual liability of said officers and directors."

Defendant Smith, by answer, admitted the execution and delivery of the deed of trust, and that by virtue of the powers thereby conferred he took into his possession all the property so assigned to him with a view of administering the same. The other allegations of the petition were in substance denied.

The only evidence offered on the trial was directed to the question of the solvency of the corporation at the time the deed of trust was made.

The records of the corporation showed that James Walsh was its president, Charles McGinn, vice president and John F. Byrne, secretary. It also appears that these were the only directors who passed the resolution. The deed of trust was signed by James Walsh as president, and attested by John F. Byrne, as secretary.

One note, placed in class 3, as described in the deed of trust, was dated January 25, 1883, and was "executed by the former firm of James Walsh & Co., in the sum of $12,000, payable to Ferdinand Lutz, of St. Joseph, Missouri, payment of which has been assumed by said party of the first part." Another note of the same character, dated in 1889 for $2,000, was also described in the deed of trust. In the same class were two notes by the corporation to James Walsh as administrator of the Conrad estate.

It was not shown by the evidence that the creditor James Walsh, was the same person as James Walsh,

the president and director of the corporation; nor was any evidence offered explanatory of the assumption by the corporation of the note of James Walsh & Co. The case was argued by counsel on both sides and the identity of James Walsh in each capacity has been assumed. No evidence was offered tending to prove actual bad faith, either in the execution of the deed, or in creating the debts secured by it.

The court found that on the eighteenth day of March, 1893 (the date of the deed of trust), the defendant, James Walsh Mercantile Company, was insolvent, and from that date "ceased to be a going concern." Upon this finding a decree was entered setting aside the deed of trust, from which defendants appealed.

Most of the questions involved in this record have, in some recent cases in this court, been given careful and exhaustive consideration. The investigations given the subject have been more labored and thorough on account of apparent want of harmony in some of the previous decisions of this court, as well as on account of the diversity of opinion in other jurisdictions. The conclusion reached by each of the divisions, which received the concurrence of all the members, may be briefly given in the language of the syllabi prepared by the judge who wrote one of the opinions as follows:

"A corporation in failing circumstances may * * * prefer one creditor to another in discharging its obligations, if such preference is made in good faith while the property of the company remains in its possession, unaffected by liens or by process of law. * * * Mere insolvency of a corporation does not of itself transform its assets into a trust fund for the equal benefit of all its creditors." *Alberger v. Bank*, 123 Mo. 313; *Slavens v. Cook Drug Company*, 128 Mo. 341;

*Waggoner-Gates Milling Co. v. Commission Company,*
128 Mo. 473.

In the case last cited, which was decided by division two of this court, it was also held that preference in the same circumstances may be given to a creditor of a corporation who is secured by the indorsement of some of its directors.

It would seem to follow logically from these decisions that a preference may be made to a director for a debt directly due him from the corporation, unless it would be defeated by his own act in voting himself the preference.

But it is insisted with much earnestness, and argued with great ability, that the directors had no power to bind the corporation to an agreement made with themselves, and in which they had a personal interest, and that, therefore, the resolution of the board of directors authorizing preferences to be given the members thereof over other creditors, and the deed of trust executed in pursuance thereof, were absolutely void.

This contention must rest upon one of two theories, either that the directors of a corporation are trustees for its creditors, and its assets constitute a trust fund which they must apply ratably toward the satisfaction of all the debts, or that such a transaction is, upon its face, constructively fraudulent.

As has been seen, the so-called trust fund theory as applied to a corporation while dominion over its property is retained is not recognized in this state as being sound. Nothing additional need be said on that subject.

The board of directors are undoubtedly trustees for the corporation and stockholders, and when acting for them are bound to exercise the utmost good faith. Any attempt in dealing with its property or affairs to secure themselves personal advantages over other stock-

holders should at least be subject to the most rigorous scrutiny. *Hill v. Rich Hill, etc., Co.*, 119 Mo. 9, and cases cited.

But it can not be said as a correct proposition of law that officers of a corporation can not themselves, and in their own names, contract with it. To so hold would virtually deny to corporations the credit upon which so much of the business of the country is transacted, and which is so essential to success. If the stockholders and officers of corporations are not permitted to advance money to them, or to indorse for them, without subjecting themselves to such disadvantages, they would be deprived of their most valuable source of credit. A corporation naturally looks to those interested in its affairs for accommodations. If directors can lend the corporation money, or indorse for it, they should certainly have the same right to collect the debts or secure themselves, as is accorded to other creditors.

The cases cited abundantly show that a corporation, so long as it has control of its property, though insolvent, may, when acting honestly, prefer one creditor to another. A mortgage, then, giving such preference is not constructively fraudulent. Neither the corporation nor the other stockholders are injured by the preference given. To defeat them actual fraud should be shown. The honest debts all stand and should stand on equal footing. All the creditors should have equal rights to enter in the race of diligence. The fact that the race may be unequal should not deprive the winner of his reward. An individual debtor can prefer his family, his neighbors, and his friends. If the preferred debt is honest, the preference can not be impeached, though the wife of the debtor secure the advantage. *Hart v. Leete*, 104 Mo. 338; *Riley v. Vaughan*, 116 Mo. 176. No reason can be seen

why a corporation may not also prefer its friends. There is no more equity in allowing an individual debtor to prefer his creditor wife or children, than in allowing a corporation to prefer its stockholders and officers. To permit equities to control would defeat all preferences.

While the owner of property retains the power of its disposal, he may apply it to the payment of any honest debt, is the rule upon which the right to make preferences among creditors rests. The rule should apply as well to corporations as to individuals, and any change should be made by the legislature and not by the courts. If the debt is an honest one, and the corporation had the power to contract it, it has the right to pay or secure it, and no fraud can be imputed to it from the fact that it is paid or secured in preference to another.

"It may be conceded," said Judge TAFT in a recent case, "that the trust relation justifies and requires courts of equity to subject preferences by an insolvent corporation of its own directors to the closest scrutiny, and places the burden upon the preferred director of showing, beyond question, that he had a *bona fide* debt against the corporation; but we do not see why, if a corporation may prefer one creditor over others, it may not prefer a director who is a *bona fide* creditor. Preferences are not based on any equitable principle. They go by favor, and as an individual may prefer, among his creditors, his friends, and relatives, so a corporation may prefer its friends." *Brown v. Furniture Co.*, 58 Fed. Rep. *loc. cit.* 292. See, also, *Worthen v. Griffith*, 28 S. W. Rep. (Ark.) 286, and cases cited.

We do not think, therefore, that the deed of trust is constructively fraudulent for the reason that it gives preferences to a director of the corporation. When the

VOL. 131 mo—19

right of the corporation to give preferences to any of its creditors is conceded, the logical conclusion follows that it can give them to any creditor who holds an honest debt against it, though he be an officer or stockholder.

This conclusion is in accord with the declaration of SHERWOOD, J., in a recent case. He says: "A corporation, within the scope of the purposes for which it was incorporated, may do any act in furtherance of those purposes which an individual in similar circumstances might do, and, though insolvent, may prefer some creditor to others, even though such creditors are among the directors of the corporation." *Foster v. Planing Mill Co.*, 92 Mo. 87.

While the directors of a corporation do not sustain the strict relation of trustees for its creditors, yet their duties to them and their relation to the corporation itself are such as impose upon them some of the obligations of trustees. In dealing with the corporation they deal with themselves. They determine the liability of the corporation to themselves. They should, therefore, be required, in case they give themselves a preference over other creditors, to show that all their secured debts are fair, honest, and justly due them. This burden properly rests upon them.

From this record it appears that the invalidity of the deed of trust in question was declared to result from the mere insolvency of the corporation at the time it was executed. The question of the *bona fides* of the debts of directors, who were given preferences, was not gone into on the trial. The act of the directors in voting themselves preferences would make the deed of trust *prima facie* fraudulent in fact, but not conclusively so as a matter of law. The court evidently did not decide the case upon the presumption of fact that the deed was fraudulent, which it might have indulged.

We, therefore, reverse the judgment and remand the cause for a new trial.   BRACE, P. J., BARCLAY, and ROBINSON, JJ., concur.