L. PITMAN, Appellant, v. CHICAGO LEAD COMPANY Defendant; G. H. ELMORE, Interpleader Respondent.

### Kansas City Court of Appeals, April 7, 1902.

1. **Corporations:** INSOLVENT: PREFERRING DIRECTOR: ASSIGNMENT. An insolvent corporation may prefer one of its directors whom it owes, and the fact that it makes a general assignment on the same day will not affect the preference.

2. ————: ————: ————: BURDEN OF PROOF. A director who has been preferred by an insolvent corporation has the burden of proof to show the bona fides of such transaction. Missouri cases discussed.

3. ————: ————: ————: ————: VOTING. Such preferred creditor ought to show the genuineness of the debt, that the preference was free from collusion and fraud and from circumstances hazardous to the corporation and that it was obtained without his own vote and without undue influence on his part.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

REVERSED AND REMANDED.

*Howard Gray, H. W. Currey* and *Thurman, Wray & Timmonds* for appellant.

(1) The conveyance being from the corporation to one of the members of its board of directors, is prima facie fraudulent. State ex rel. v. Rubber Co., 149 Mo. 181. (2) The holder of property, under a conveyance made by a corporation

while it is insolvent to one of its board of directors, is required to show, in order to make out prima facie ownership, in additin to showing that the conveyance was ordered by the board of directors, and that the consideration was bona fide, that the board of directors in making the conveyance acted in good faith. State ex' rel. v. Rubber Co., 149 Mo. 181; Union Dime Saving Inst. v. Duryea, 67 N. Y. 84. (3) In this case the burden of proof was on the interpleader to show affirmatively that the board of directors of the corporation acted in good faith when they made the bill of sale to Blair. State ex rel. v. Rubber Co., 149 Mo. 181; Wright v. Lawson, 51 Minn. 321; Tolbert v. Horton, 31 Minn. 518; Braley v. Byrnes, 25 Minn. 297; McNeal v. Finnegan, 33 Minn. 374; Bank v. Ellis, 30 Minn. 270; Devoe v. Brandt, 53 N. Y. 462; McLoud v. Bank, 42 Miss. 99; Lynch v. Beecher, 38 Conn. 490; Porter v. Parks, 49 N. Y. 564; 8 Am. and Eng. Ency. of Law (1 Ed.), 841, title "Fraudulent Conveyances," sub-title "Burden of Proof." (4) The power of corporations to prefer one of the members of its board of directors is a privilege rather than a strict right, and the parties claiming the privilege must strictly conform to the requirements of the law. Friedburg v. Drefus, 135 U. S. 478. (5) The proof offered by interpleader would have been barely sufficient to have made a prima facie case had he not been a director in the corporation. The fiduciary relation in which a director stands to the corporation has always been recognized in this State, to the extent at least, that all his transactions with the corporations are subject to the closest scrutiny as to their character, consideration and good faith. Lynch v. Beecher, 38 Conn. 490; Porter v. Parks, 49 N. Y. 564; 8 Am. and Eng. Ency. of Law (1 Ed.), p. 841, title "Fraudulent Conveyances," sub-title "Burden of Proof." Patrick v. Boonville Gas L. Co. 17 Mo. App. 462; Lingle v. Ins. Co., 45 Mo. 109; Chouteau v.

Vol 93, app—38.

Allen, 70 Mo. 338; Ins. Co. v. Floyd, 74 Mo. 291. (6) After a corporation becomes insolvent and is no longer possessed of vitality enough to survive and continue its business, and the board of directors conclude that they can go no further then the directors, by that very act, become trustees for the stockholders and creditors and thereafter, in their dealings with the assets of the corporation in which they have any pecuniary interest, the transactions are to be regarded as transactions between trustee and *cestui que trust*. Tank Line Co. v. Varnish Co., 43 Fed. 204; 1 Beach on Priv. Corporation, sec. 241; 2 Cook on Cor., sec. 653; Thomas v. Sweet, 37 Kan. 207; Ryan v. Leavenworth, 27 Kan. 398; Hall v. Bridge Co., 8 Kan. 472; Hill v. Frazier, 22 Pa. St. 320; Bridge Co. v. Fowler, 55 Kan. 17; Jones McDowell & Co. v. Ark., Mech., Agri. Co., 38 Ark. 1; Railway v. Poor, 50 Me. 277.

*McReynolds & Halliburton* and *R. G. Blair* for respondent.

(1) A corporation has the same right to prefer creditors that an individual has, and though insolvent, may execute an honest preference in favor of one of its creditors to the exclusion of others. And the directors when bona fide creditors stand on a footing as good as general creditors. (2) The transfer of a corporation's property by a deed which makes the directors voting for it preferred creditors, is not invalid for that reason alone. Foster v. Planing Mill Co., 92 Mo. 87; Meyer v. Folding Bed Co., 130 Mo. 188; Schufeldt v. Smith, 131· Mo. 280; Hall v. Goodright, 138 Mo. 576; Butler v. Harrison Land and Mining Co., 139 Mo. 467; State ex rel. v. Rubber Mfg. Co., 149 Mo. 181; Milling Co. v. Burns, 152 Mo. 376. (3) Directors are not trustees for all general creditors alike, nor is their power limited in dealing in good faith with the property by way of preference to one creditor so long as the company, undissolved, holds the title

to the property.    Alberger v. Bank, 123 Mo. 313; Schufeldt
v. Smith, 131 Mo. 280; Butler v. Land and Mining Co., 139
Mo. 477 to 482; State ex rel. v. Rubber Mfg. Co., 149 Mo.
213.    (4)   There is nothing in the evidence to show that
the transfer to Blair was not a good-faith transaction; and a
great deal to show it was a good-faith transaction.   Blair did
not vote on the proposition to sell him the machinery; a ma-
jority of the whole board of directors (three out of five) did vote
for the proposition and it was carried out in good faith.   See
authorities cited above.    (5)   The burden is not on inter-
pleader to show there was no fraud, but is on plaintiff to show
fraud and that it was not a good-faith transaction.   Mansur-
Tebbetts Imp. Co. v. Ritchie, 143 Mo. 610.

ELLISON, J.—Plaintiff is an attaching creditor of the
defendant corporation and interpleader filed his interplea
claiming the property attached by plaintiff.   At the close of
the evidence for interpleader the trial court refused an in-
struction directing a verdict for plaintiff, and on the latter re-
fusing to introduce evidence in his own behalf the court ren-
dered judgment for interpleader and plaintiff has brought the
case here.

It appears from testimony in interpleader's behalf that
the defendant corporation was controlled by a body of five direc-
tors, R. G. Blair being one of them, and that he was a creditor of
the corporation, for money borrowed, in a balance due him of
of $1,200.   The defendant had met with misfortunes and
found itself hopelessly insolvent, owing near $30,000 and
having assets of near $5,000.   In this situation of affairs,
four of the directors, including Blair, met and ordered sold
and conveyed to Blair (he not voting) in payment of $1,000
of his claim, substantially all of the tangible property of
the corporation.   Afterwards, at the same meeting, a general
assignment was made.   Blair then sold the property to inter-
pleader.   But as it appears that this was merely formal and

that Blair is the real party in interest, we will treat him as the interpleader.

Plaintiff concedes that an insolvent corporation can prefer a creditor even though such creditor is an active director of the corporation. But he insists that the onus is on the director to show that the debt and preference given were bona fide. The interpleader denies this and places the burden on the party attacking the transaction just as it would be in case of a stranger creditor. The law seems to be well settled in this State that a corporation, though insolvent, if in untrammeled possession of its property may, as a sequence of its *jus disponendi*, prefer a creditor. That though insolvent, the corporate property is not a trust fund to be administered by the directory for the equal benefit of all creditors. And that the fact that the creditor preferred is also a director of the corporation does not prevent, or avoid the preference. Foster v. Mullanphy Planing Mill, 92 Mo. 79; Alberger v. Bank, 123 Mo. 313; Milling Co. v. Commission Co., 128 Mo. 473; Schufeldt v. Smith, 131 Mo. 280. The courts in some of the states do not agree to such view; though it meets with approval in others. Among the latter is Pennsylvania: Mueller v. Fire Clay Co., 183 Pa. St. 450; Cowan v. Plate Glass Co., 184 Pa. St. 1; Finch Mfg. Co. v. Stirling Co., 187 Pa. St. 596; Creighton v. Scranton Mfg. Co., 191 Pa. St. 231. Nor does the fact that the corporation giving the preference, afterwards on the same day, makes a general assignment, affect the preference. Milling Co. v. Commission Co., 128 Mo. 473.

So, therefore, notwithstanding the defendant corporation in this case had the legal right to prefer Blair although he was a director, yet the further question is, on whom is the burden of showing, in the first instance the bona fides of the preference? Ordinarily, a fraudulent purpose of a transaction, or its illegality, will not be presumed but must be shown by him who asserts it. Mansur v. Ritchie, 143 Mo. 610.

That, however, is not always the rule.   If the relation between the parties, stated broadly, is that of trust and confidence, the presumption is that any act of the agent, or trustee, for his personal benefit, is fraudulent and it will be avoided unless he rebuts the presumption by coming forward and showing the bona fides of the transaction.   Such relation exists between trustee and *cestui que trust;* guardian and ward; attorney and client; physician and patient.   Garvin v. Williams, 44 Mo. 465; Bogie v. Nolan, 96 Mo. 85.   The rule is not confined in application to these relations alone.   It "finds application commensurate with the existence of confidential relations." It is familiarly known to exist between principal and agent. Street v. Goss, 62 Mo. 226; Story on Agency, secs. 210, 211, 212; Mechem on Agency, secs. 463, 469.

But it has been said that the directors of a corporation are not the agents of the creditors of the corporation—that they are the agents of the stockholders.   And it has been said that they are not trustees.   Be that as it may, while they are not technically trustees, they are such in the sense that they will not be allowed to take an unfair advantage resulting from their position.   They occupy a *fiduciary and trust relation.* 1 Morawetz on Corp., secs. 516, 517, 518; Hill v. Rich Hill Coal Co., 119 Mo. 22; Schufeldt v. Smith, 131 Mo. 280. In the matters and instances here stated the law is jealous of any transaction which such fiduciaries have with themselves for their benefit.   And it requires them to purge themselves of what may be termed a legal suspicion of unfair dealing by coming forward and showing the matter to be without taint. And so it was ruled by the Supreme Court of this State in Schufeldt v. Smith, supra, the court using these words:

"While the directors of a corporation do not sustain the strict relation of trustee for its creditors, yet their duties to them and their relation to the corporation itself are such as impose upon them some of the obligations of trustees.   In dealing with the corporation they deal with themselves.   They

determine the liability of the corporation to themselves. They should, therefore, be required, in case they give themselves a preference over other creditors, to show that all their secured debts are fair, honest, and justly due them. This burden properly rests upon them."

We realize that the question is in a somewhat confused condition in this State at the present time. In St. Louis v. Alexander, 23 Mo. 483, there was no decision of the question. The separate opinion by Judge RYLAND puts such acts of directors for their own benefit on the same ground as that occupied by strangers seeking a preference—that their act was not a badge of fraud (pp. 524-531), while Judge SCOTT took the opposite view (pp. 522-524). So in the late case of State ex rel. v. Rubber Mf'g Co., 149 Mo. 181, in an opinion by Judge VALLIANT of Division One, it is held that a transaction with the directors to prefer themselves is presumptively fraudulent and that the burden was on them to show its fairness. In that opinion Judge BRACE concurs, but MARSHALL, J., took the opposite view and, as shown by the class of authorities he cites, places such case on the same footing with stranger creditors seeking preference. Judge ROBINSON concurs in the "result" of Judge VALLIANT's opinion. So, as to that case, there is no authoritative decision of the point by the court, and it is not therefore of binding force on this court. But we do not agree with Judge MARSHALL's conclusion that the statement in Schufeldt v. Smith, ante, that the burden was on the preferred creditor, was an oversight. There is nothing in the course of the opinion tending to show that the court did not intend to lay down the rule that the burden was on the director obtaining preference. It is true, the opinion states that the directors' act in obtaining preference was not constructively fraudulent, and that the act of the corporation in giving the preference was not a fraud. That is to say, the mere act of obtaining preference and the mere act of giving preference, were not, of themselves, fraudulent acts. Such

action could be shown and yet if it was further shown to have been in good faith it would be upheld. There is nothing in such statement inconsistent with the further statement that if the good faith was not shown the preference would be presumed to be fraudulent. We therefore regard the case of Schufeldt v. Smith as deciding that the burden of showing the bona fides of the transaction is upon the preferred director. It is therefore binding on us. We quite willingly follow it, convinced as we are that it is in line with the universally recognized rule above referred to that where the relation is in its nature a trust or fiduciary relation, that any act of the party so entrusted whereby he secures an advantage for himself deserves to be scrutinized by the courts, and calls for a full showing of good faith on his part. It is certainly a just rule as applied to director creditors. If a stranger creditor of a corporation, wishing to secure his claim, calls upon the directory for that purpose and learns from them that they have appropriated the assets to themselves to pay or to secure claims of their own, what could be more natural than that the stranger would ask for a showing of the inside of affairs and that the directors, with honest claims, would feel that they ought to make such showing?

Such preferred creditor ought to show that the debt was not fictitious, that it was preferred without collusion for the purpose of giving an honest preference without a design to defraud other creditors; and that the price, if the transaction be a sale, was (substantially) as much as they could have realized from others; and that no special circumstance was known making it hazardous for or against the interest of the corporation.

But ought he not also to show further that the preference became effective without the necessary aid of his own vote? and that it was not the result of an undue influence on his part? We think he should. In our opinion, a preference which has been given to a director and which could not

have passed the directory without the aid of his vote, is invalid. While the assets of a corporation in possession of its property are not a trust fund for the equal benefit of all its creditors, since the directors act in a representative capacity —since they occupy a position of trust and confidence—they can not serve the private interests of themselves and the corporation when in antagonistic positions. They can not serve two masters with opposing interests. It was so decided in Foster v. Planing Mill Co., 92 Mo. 79, Hill v. Rich Hill Coal Co., 119 Mo. 9, and Bennett v. Car Roofing Co., 19 Mo. App. 349. And this view is based on natural justice. It is in accord with authority elsewhere. 1 Beach Priv. Corp., sec. 242; 2 Spelling Priv. Corp., sec. 714; Taylors Priv. Corp., sec. 628; 1 Morawetz on Corp., secs. 517 and 518; 2 ib., sec. 787.

The rule does not interfere with the right of a director to secure a preference of his debt from the corporation, but he must do so by the act of a quorum of other directors. When he acts for himself, he, as to such act, ought to become a stranger to the corporation and must seek and obtain any proper and legal advantage by the vote of others than himself, and without undue influence of his position. This is recognized by the Supreme Court in the Foster and Hill cases, supra. And so it is stated in 1 Morawetz on Priv. Corp., sections 521, 527, 530. The mere fact that he does not vote to prefer himself, does not necessarily show that he has not had an improper influence and advantage, by reason of his position. Finch v. Stirling Co., 187 Pa. St. 596, 601.

Applying the foregoing to the facts of this case, we find that while the preference was given to a director by a quorum of the directory without the vote of Blair, yet there was no other disclosure made or attempted by interpleader, save that the debt was genuine. This, as disclosed by what we have said, was not a sufficient showing to relieve him of the presumption which arises against him on account of his position.

Pitman v. Elmore.

While what we have written is in line with the cases decided by the Supreme Court, yet we are aware that all we have said is not in accord with some of the views expressed by the members of the court in those cases where, from differences of opinion among them, no authoritative conclusion has been announced by a majority of the court. What we have said we believe to be justified by the decisions of that court and we feel satisfied that it is only just and right. The director has not been stinted in his rights and privileges by the course of judicial decision. He has been allowed to secure and hold on to rights which from the very necessity of his situation has given him an advantage, of position over other creditors. There is no reason why he should not be required to show, in the first instance, that he has obtained his preference in the proper way. There is no justice in permitting him the additional advantage by his own vote, in his own case, deciding that he should be preferred. He would not be human were he not, in such instance, blinded to the interest of the corporation, the stockholders and the other creditors. It is said, and it is admitted, that he has a right to race with other creditors for preference, but he ought not to be allowed to block the way of the others by his own act.

The judgment is reversed and the cause remanded that the case may be heard as herein indicated. All concur.