THE CHOUTEAU INSURANCE COMPANY v. HOLMES' ADMINIS-
TRATOR, *Appellant.*

**Corporation**: SPECIAL MEETING OF DIRECTORS: PRESUMPTION OF NOTICE.
When it is shown that a special meeting of the board of directors
of a corporation was held, and that a quorum attended, it will be
presumed, in the absence of evidence to the contrary, that due
notice of the meeting was given to all the directors, and that all the
steps were taken which were necessary to constitute it a valid meet-
ing.

*Appeal from Jackson Circuit Court.*—HON. SAML. L. SAWYER,
Judge.

This was a suit to recover the amount due upon two
assessments on a stock-note given by Nehemiah Holmes,
deceased, to the plaintiff company. It appeared at the
trial that the assessments were ordered at special meetings
of the board of directors, that a quorum of the board was
present at each meeting and that Holmes, in his life-time,
had paid a portion of the first assessment, but no part of the
other. There was no evidence to show that notice of the
meetings was given to the directors. Plaintiff had judg-
ment and defendant appealed.

*Gage & Ladd* for appellant.

*R. A. Frame* and *B. Wells* for respondent.

HENRY, J.—It does not appear by express evidence that
notices of the special meetings of the board of directors,
at which the assessments were made, were given to the di-
rectors, although it does appear that a quorum of the
directors was present and made the assessments. Nor was
any evidence introduced or offered to show that notices
were not given. That all the directors must be notified of

a special meeting of the board is conceded; but the question for determination is, whether, if the meeting be held and a quorum be · present, it will be presumed, in the absence of evidence to the contrary, that such notice was given, and all steps taken necessary to constitute it a regular and valid meeting of the board.   In *Sargent v. Webster*, 13 Met. 504; *Lane v. Brainerd*, 30 Conn. 577, and *McDaniels v. The Flower Brook Man. Co.*, 22 Vt. 274, it was decided that such would be the presumption.   In *Sargent v. Webster* the court observed:   "Another objection of the same kind is, that it does not appear that notice of the meeting was given to all the directors.   But the contrary does not appear; and it would be hazardous to decide that every vote passed by an aggregate body is void, if it do not appear by the record that all were present.   We believe it is not usual, in corporate records, to state how the members were notified.   The presumption, "*omnia rite acta*," covers multitudes of defects in such cases, and throws the burden of proof upon those who would deny the regularity of a meeting, for want of due notice, to establish it by proof."   The doctrine thus declared, was as distinctly announced in the other cases above cited, and also in the *State ex rel. Bornefeld v. Kupferle*, 44 Mo. 155.

For a contrary doctrine appellant relies upon the *State v. Ferguson*, 31 N. J. L. R. 124; *Stow v. Wyse*, 7 Conn. 215; *Wiggin v. The Free Will Baptist Church*, 8 Met. 301; *People v. Batchelor*, 22 N. Y. 128; *Atlantic Mut. Ins. Co. v. Fitzpatrick*, 2 Gray 279, and *People's Ins. Co. v. Westcott*, 14 Gray 440, in all of which it affirmatively appears, either that no notice, or an insufficient notice, had been given of the directors' or corporation meeting, the proceedings of which were complained of.   In the *State v. Ferguson* the court said:   "The fifth man was not present, nor was he notified of the meeting."   It appeared that the fifth township committeeman had not been notified of the meeting, and of course the presumption of the existence of a fact, which it was proved did not exist, could not be indulged.   So in

the *Atlantic DeLaine Co. v. Mason*, 5 R. I. 463, it affirmatively appeared that Hill, Carpenter & Co. had no notice of a meeting of stockholders at which an assessment on stock had been made. In *Stow v. Wyse*, 7 Conn. 214, parol evidence was admitted to prove that persons named in the vote at a meeting which authorized the execution of a deed for a company, convened and passed that vote without any notice to the other members of the company. In *Wiggin v. The Free Will Baptist Church*, 8 Met. 301, there was evidence of notice, but the notice given was held insufficient. In the *People v. Batchelor*, 22 N. Y. 128, the court based its opinion upon the fact, which was shown by evidence, that the absent alderman had no notice of the meeting of the board. The case of the *Atlantic Mut. Fire Ins. Co. v. Fitzpatrick*, 2 Gray 279, does seem to militate against the cases cited in 13 Met., 3 Conn. and 22 Vt., but there is a very meager statement of the facts, and the opinion on this point is brief and cites no authorities. The case in 13 Metcalf is not mentioned, although two of the four judges then on the bench were members of the court when the case in 13 Metcalf was decided. It certainly was not intended to overrule that case, and it is difficult to determine from the report of the case in 2 Gray, what precise question was before the court. *People's Ins. Co. v. Westcott*, 14 Gray 440, does not support a different doctrine from that held in 13 Metcalf. It turned on the validity of a by-law passed at a special meeting of the company held in pursuance of a notice duly published, " for the purpose of making alterations in the by-laws, and for the transaction of such business as may come before them." At the meeting thus held, the by-laws were altered by making four directors a quorum instead of five, and seven additional directors were chosen. Four of the seven thus chosen were the only directors who were present at the directors' meeting by which the assessment was made. The court, Hoar, J., said : " But a decisive objection to the choice of these new directors is, that in the call for the

meeting at which they were chosen there was no intimation of any purpose to make such election." Expressing a doubt as to the right of the company to elect directors, except at their annual meetings, he added : "No vote to increase the number of directors had been passed at any meeting held for such a purpose." It will be observed that there was a notice, but the court held the notice insufficient and the election void.

We think that the weight of authority on this question is to the effect that notice of a special meeting of the directors of a corporation will be presumed, in the absence of evidence showing that no notice was given. The instructions of the court are open to criticism, but the only one containing a serious error is that given for defendant, as follows: "That there is no evidence in this case to show that either of said meetings was called by the president, or that notice of either of them was, in any way, given to all the members of the board of directors." If we have correctly stated the law, competent proof of the meeting of a quorum of the board is *prima facie* evidence that it was called by the president, if such a call were necessary, and that notice of the meeting was given to all the directors. No error materially affecting the merits of the controversy was committed by the court, and the only serious error was on the side of appellant in the instruction given for him, of which he cannot complain. The judgment is affirmed. The other judges concur. HOUGH, J., not sitting, having been of counsel.

           AFFIRMED.