Rutherford v. Hamilton.

RUTHERFORD v. HAMILTON *et al., Appellants.*

1. **Constitution : SPECIAL LAW.** The act of March 28, 1881, (Laws 1881, p. 69, ) authorizing cities acting under special charters, and containing more than 30,000 and less than 50,000 inhabitants, to establish a system of sewerage and to construct, establish and keep in repair sewers, culverts and drains, is not a special law, nor prohibited by the constitution. (*Affirming Rutherford v. Heddens*, 82 Mo. 388).

2. ———— : ————. Said act is not in contravention of sec. 7 of art. 9 of the constitution, as creating more than the four classes of cities provided for by said section.

3. ———— : ————. Nor is the act unconstitutional because it author- izes the cost of the construction of a sewer to be levied upon the abutting property, having the benefit of the improvement, in pro- portion to its frontage thereon.

4. **Special Tax-Bill : ORDINANCE AUTHORIZING WORK : EVIDENCE.** In an action to enforce a special tax-bill, the original record of ordinances may be read in evidence, as produced by its proper custodian, to prove the ordinance authorizing the work for which the tax-bill was issued.

5. ———— : ———— : PRESUMPTION. In the absence of any evidence to the contrary, it will be presumed that the officers acted rightly in passing the ordinance authorizing the improvement, and that the meeting at which it was passed was properly convened.

*Appeal from Buchanan Circuit Court.*—HON. M. A. REED, Special Judge.

AFFIRMED.

*Strong & Mosman* for appellants.

( 1 ) ( *a* ) The act approved March 28, 1881 ( Laws, 1881, p. 69 ), does not apportion the cost of constructing this sewer upon the adjoining property fronting upon the work done. ( *b* ) The evidence showed that the city

| | |
|---|---|
| 97 | 543 |
| 103 | 512 |
| 97 | 543 |
| 119 | 173 |
| 97 | 543 |
| 123 | 488 |
| 59a | 589 |
| 97 | 543 |
| 127 | 421 |
| 97 | 543 |
| 129 | 578 |
| 97 | 543 |
| 145 | 483 |
| 150 | 136 |
| 151 | 204 |
| 97 | 543 |
| 154 | 474 |
| 154 | 477 |
| 154 | 478 |
| 97 | 543 |
| a156 | 546 |
| 97 | 543 |
| 158 | 538 |

engineer apportioned the cost of this sewer by "the front-foot rule." These defendants deny that the city engineer was authorized to decide the way in which the cost of constructing this sewer should be apportioned among the several lots or parcels of land which front upon it. Sec. 2, Acts of 1881, p. 70. Municipalities have no inherent power in these cases, and it is necessary to the validity of their action that they keep closely within the authority conferred. *Caldwell v. Rupert*, 10 Bush, 179 ; *Chamberlain v. Cleveland*, 34 Oh. St. 551. The power of taxation is a sovereign power which belongs to the state alone. There is no such thing as an implied power to tax. Such a power must be clearly and expressly given. *State v. Shortridge*, 56 Mo. 126 ; *State v. Railway*, 87 Mo. 236 ; *Thompson v. Schermerhorn*, 6 N. Y. 92 ; *Hide v. Joyce*, 4 Bush, 464. (*c*) The act of 1881 did not justify the action of the city engineer. It is incomplete. It made no provision for ascertaining the benefit resulting from the work or for apportioning the tax among the several tracts of ground. Any tax which depends on its provisions alone, for its validity, is a nullity and cannot be enforced. *State v. Comm'rs*, 38 N. J. L. 192 ; *Barnes v. Dyer*, 56 Vt. 469 ; *State v. Mayor*, 37 N. J. L. 424 ; *Whiteford Twp. v. Probate Judge*, 53 Mich. 130 ; *Clapp v. Hartford*, 35 Conn. 79. (*d*) The exercise of the duty of determining the basis upon which a special tax for local improvement shall be apportioned, was not only beyond the powers and duties of M. J. McCabe, as city engineer, but it was incompetent for the legislature to delegate this power to him. *State v. Koster*, 38 N. J. L. 308 ; *Hardenberg v. Kidd*, 10 Cal. 402 ; *Sheehan v. Gleason*, 46 Mo. 105 ; *Thompson v. Boonville*, 61 Mo. 282 ; *St. Louis v. Clemons*, 52 Mo. 138–9 ; *Board v. Huston*, 71 Ill. 318. As the apportionment made by the city engineer was an unlawful and unauthorized apportionment, no recovery can be had for special taxes

based thereon. (2) As it affirmatively appeared that the contract was not approved by the city council, said tax-bills should have been excluded. *Keene v. Cushing*, 15 Mo. App. 101 ; *Keene v. Klausman*, 21 Mo. App. 488.

*H. K. White* for respondent

(1) The act of 1881, set forth in plaintiff's petition, is constitutional. *Rutherford v. Heddens*, 82 Mo. 388 ; *Kelly v. Meeks*, 87 Mo. 396 ; *Ewing v. Hoblitzelle*, 85 Mo. 237 ; *State ex rel. v. Pond*, 93 Mo. 606 ; *Farrar v. City of St. Louis*, 80 Mo. 379 ; *Dennison v. City of Kansas*, 95 Mo. 416 ; *Uhrig v. City of St. Louis*, 44 Mo. 463 ; *Adams v. Lindell*, 72 Mo. 198 ; *City v. Richeson*, 76 Mo. 470 ; *DeArman v. Williams*, 93 Mo. 158 ; *City v. Rankin*, 96 Mo. 497. (2) Said act provided a complete method of assessment. Charter of St. Louis, 1860, p. 382 ; Charter of St. Joseph, 1865, p. 47 ; *City to use v. Clemens*, 49 Mo. 552 ; *Neenan v. Smith*, 50 Mo. 525 ; *Morley v. Weakley*, 86 Mo. 451. (3) The value of the property in the district and the inequality of taxation, based upon the inequality of values, does not affect the legality of the bills. *Farrar v. City, supra ; DeArman v. Williams, supra.* (4) There was no error in admitting the record of the ordinance plead, or in refusing defendant's second and seventh instructions. *Owens v. Sheehan*, 82 Mo. 463. (5) The contract was duly awarded, and defendant's fourth and sixth instructions were properly refused. Compilation of Charter, p. 12, sec. 4 ; *Ibid*, pp. 9 and 10, sec. 5 ; *Atkins v. Slayter*, 8 Allen (Mass.) 487 ; *Morley v. Weakley*, 86 Mo. 451 ; *Sheehan v. Owen*, 82 Mo. 458. (6) There was no error in giving or refusing instructions. *Neenan v. Smith, supra ; Sheehan v. Owen, supra ; Morley v. Weakley, supra.*

BARCLAY, J.—This is an action to enforce a special tax-bill issued by the city engineer of St. Joseph in payment for a lateral sewer designed for the drainage of adjacent property of which defendant owns a part. The work was done by authority of the special charter of St. Joseph (1851) and its amendments, and ordinances thereunder, as well as of "an act authorizing cities acting under special charters and containing more than thirty thousand and less than fifty thousand inhabitants to establish a system of sewerage and to construct, establish and keep in repair sewers, culverts and drains," approved March 28, 1881 (Session Acts, 1881 p. 69).

At the trial it appeared that under the ordinances of that city, the contract for the work required the approval of the city council. The regular quarterly session of that body began July 8, 1881, and adjourned to meet again "one week from" that night. The next record of a meeting is of July 16, 1881, when the mayor and eight of the ten members were present and transacted business, among other things approving the contract in question. It is claimed that this was not a sufficient approval. Among other evidence the plaintiff offered the ordinance authorizing this work, as contained in the special ordinance book of the city register, having first introduced the following general ordinance relating to the subject.

" Sec. 1. All ordinances passed by the city council shall be recorded by the register, and shall take effect from and after their passage, unless therein otherwise expressly provided. The originals shall be filed in the register's office, and due proof of publication of all ordinances, by the affidavit of the printer or publisher, shall be procured by the register and attached thereto, or written and attested upon the face of the record of such ordinances."

In the record of proceedings of the council three

ordinances of similar title appeared. Two passed May 24, and the other, June 16, 1881. The one projecting the sewer in question and providing for its construction was approved by the mayor June 17, 1881. The question of its actual passage prior to that approval was submitted to the jury at defendant's instance as a question of fact by an instruction and it was found to have been so passed. After the work contemplated by the ordinance was finished, the cost was apportioned by the engineer as a tax upon the adjoining property in proportion to its frontage and special tax-bills issued of which that here in suit is one. There was a judgment for the plaintiff in the circuit court for the amount of the tax-bill as a lien against the property in question. After the usual motions defendant appealed. The particular exceptions relied upon will appear in the course of the opinion.

The act of March 28, 1881, authorizing a sewerage system in cities of a certain size, having special charters, has been previously considered by this court. It was held to be a general law. *Rutherford v. Heddens*, (1884,) 82 Mo. 388. It has been accepted as such generally in accordance with that opinion. Considerable legislation and many official proceedings in the large cities of the state have since taken place based on that ruling. We adhere to it without further discussion.

Upon this appeal, however, it is further suggested that the act may be unconstitutional as creating more than the four classes of cities permitted by the constitution (Art. 9, sec. 7). That section does not prevent the application of general laws to cities having special charters. The latter cities were not affected by the constitutional provision referred to, as is apparent from its language.

It is also argued that the act is unconstitutional because the cost of the sewer was apportioned by the city engineer against the property fronting on the improvement in proportion to the frontage of each lot, without considering the amount of actual benefits conferred by

the sewer on each lot owner. Section 3 of the act of 1881, already mentioned, expressly authorized such method of apportioning the cost of the local improvement here considered. It is no longer an open question in this state whether that method is constitutionally applicable to such subjects. Special taxes for local improvements of this nature may be properly imposed by authority of the taxing power of the state upon the property specially benefited thereby. In many well considered cases it has been held that such charge may, by valid laws or authorized ordinances, be levied upon the abutting property having the benefit of the improvement, in proportion to its frontage thereon, as well as by other approved methods for such apportionment. Here the legislature saw fit to apply the "front-foot rule." No sufficient reason has been advanced to warrant the conclusion that its application is unconstitutional in view of the previous rulings of this court. *Inhabitants of Palmyra v. Morton*, 25 Mo. 593 ; *City to use v. Clemens*, 49 Mo. 552.

The trial court committed no error in admitting the original record of ordinances in evidence, as produced by its proper custodian, to prove the ordinance authorizing this work. Such practice has been sanctioned by this court in *Sheehan v. Owen*, (1884,) 82 Mo. 463.

Defendant claims that proper approval of the contract for the work was never given because of the facts shown regarding the time and circumstances of the council meeting when the contract was acted upon. Under the city charter, the mayor had power to call a special meeting of the council at any time. A majority of the members constituted a quorum. Here a meeting appears to have been held in which eight of the ten members participated. The mayor presided. Nothing is stated regarding the cause of their assembling. It may have been upon special call of the mayor or in supposed compliance with the adjournment of eight days

before. It appears that regular municipal business was transacted and a record thereof was preserved in the usual way by the proper officer. In the absence, therefore, of any evidence to the contrary, it will be presumed that these public officers rightly acted in the premises, and that the meeting was properly convened. *Chouteau Ins. Co. v. Holmes' Adm'r*, 68 Mo. 601 ; *State ex rel. v. Smith*, 22 Minn. 218 ; *State v. Vail*, 53 Iowa, 550 ; *Cit. Mut. Fire Ins. Co. v. Sortwell*, 8 Allen, 217 ; *Granger v. Mill Co.*, 59 Cal. 678.

The assignments of error above considered are the only ones requiring comment. We find no error in the record. The judgment is affirmed. All the judges concur in this opinion.