# SWENTZEL, Appellant, v. FRANKLIN INVESTMENT COMPANY et al.

## . Division One, March 29, 1902,

1. **Corporation:** INDEBTEDNESS: PREFERENCE FOR STOCKHOLDERS. Stockholders of a corporation have the right to buy and have conveyed to them land belonging to the company, and the company has the right to sell them its land in satisfaction and extinguishment of debts due by the company.

2. ————: VALID PREFERENCE: SUIT TO SET ASIDE: MATTERS NOT PERTINENT. If the deed of a corporation to its stockholders which a creditor seeks to have set aside as having the effect to hinder, delay and defraud the grantor's creditors, is not in fact such, it is a matter of no concern to such creditors whether or not the deed was directed to be made by order of the company's directors, or whether it was directed to be executed by its vice-president instead of its president, one of the grantees, or whether it was acknowledged according to the

forms of law. Such things do not operate to the injury of the cred-
itor if the deed was in fact a valid preference.

3. ———— : ———— : AGREEMENT TO PAY UNMATURED NOTES. The agree-
ment of the stockholder, who is the grantee of the corporation, whose
deed it is sought to have set aside as being fraudulent, to relieve the
company of all liability on account of certain notes of which he was
indorser or guarantor, and to assume to pay such notes as a primary
obligation of his own, even though they are not matured, constitutes
a good consideration, to that extent, for such deed.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

AFFIRMED.

*Trimble & Braley* and *W. R. Thurmond* for appellant.

(1) The attempt to transfer all the property of the
Franklin Investment Company, of any value, to James L.
and B. Lombard, who owned all of the stock of the company
and controlled it absolutely, was prima facie fraudulent, and
the burden of proving its fairness was on the grantees. State
ex rel. v. Mfg. Co., 149 Mo. 181; Shufeldt v. Smith, 131
Mo. 280. (2) This burden was not sustained, under the
circumstances of this case, by simply stating that the prop-
erty was transferred for the purpose of taking up notes in
which the Lombards were payees, or upon which they were
guarantors, which notes were for a past indebtedness, and
without showing that these notes were given for the bona fide
debt of the Franklin Investment Company, for money actually
loaned it, and which went into its business. Fork & Tool Co.
v. Howe, Brown & Co., 157 U. S. 312. (3) Not only was
the transfer prima facie and constructively fraudulent, but
it was fraudulent in fact, being clearly made for the purpose
and with the intent to hinder and delay the Anglo company in
the collection of its debt, and while the Franklin company

Vol 168 mo—18.

was secreting or had secreted its property so that it could not be found by a judgment creditor. This is true whether the company in fact was solvent or insolvent, because Lombard made the statement to Swentzel that the Franklin Investment Company had no property, and if he could find any to go and get it. Lombard, although recalled to the stand after Swentzel had testified, did not deny that he made this statement, as testified to by Swentzel, nor offer any explanation thereof. Tub Co. v. Bank, 122 Mo. 158; 2 Bigelow on Fraud, p. 195. (4) The payment of the notes upon which the Lombards were guarantors, constituted no consideration for the transfer of the property, because their liability thereon had not become fixed; and, according to Lombard's testimony, the company had $10,000 or $15,000 worth of unincumbered real property in Kansas and Nebraska, and $5,000 in Missouri, besides personal property and money in the bank, in the aggregate much more than sufficient to pay all of the notes upon which they were guarantors. The occasion had not arisen for them to pay these notes to prevent a judgment against themselves as guarantors or indorsers. (5) The deed in question was not the deed of the corporation. It was unauthorized by the corporation or its directors, and was nothing more or less than a deed from James L. Lombard to himself. Although Lombard testifies that he and Cherry "consulted" and "agreed" that it was to the interest of the company, yet he admits that he told Cherry to execute the deed. Directors and officers have no right to deal with themselves and for the company at the same time. Ward v. Davidson, 89 Mo. 458; Packet Co. v. Davidson, 95 Mo. 473; Perry on Trusts (2 Ed.), sec. 207. (6) The deed was not acknowledged in accordance with the laws of this State. R. S. 1899, sec. 2408. (7) The deed would have been invalid even if the acknowledgment had been regular in form, because it was not, as a matter of fact, authorized by the board of directors. R. S. 1889, sec. 2772; R. S. 1899, sec. 1320;

Paper Co. v. Printing Co., 144 Mo. 336; State ex rel. v. Rubber Co., 149 Mo. 210.

*Dobson & McCune* for respondents.

(1) The directors of a corporation have the right, in this State, to pay just debts to themselves, out of the assets of the corporation in their hands, to the exclusion of other creditors, whether such corporation be solvent or insolvent. Butler v. Land and Mining Co., 139 Mo. 467. (2) In the case at bar the corporation was solvent, the property was taken by the two Lombards, directors, at its full value, and the notes in favor of the Lombards, which were cancelled and surrendered as a part of the consideration for the land conveyed to them were just debts—the same having been given for money borrowed by the company from them in the ordinary course of business. (3) The deed was good without any acknowledgment, the acknowledgment being only necessary to entitle it to be recorded. (4) Under the by-laws of the Franklin Investment Company, and the long usage and practice of the company in regard to selling its real estate, the deed to the Lombards was authorized and properly executed by the vice-president. Campbell v. Pope, 96 Mo. 468; Washington v. Bank, 107 Mo. 183; Chouteau v. Allen, 70 Mo. 290; Hyde v. Larkin, 35 Mo. App. 365. (5) The subsequent ratification of the deed to the Lombards by the directory of the Franklin Investment Company gave the first deed the same force and validity as if the board had authorized the deed before its execution. Bank v. Frick, 75 Mo. 183; University v. Jordan, 29 Mo. 68; Kelsy v. Bank, 69 Pa. State 426; Budin v. Duhony, 14 S. & R. 30; Gordon v. Preston, 1 Watts 381; Bank v. Reece, 1 Watts & S. 101.

ROBINSON, J.—This is a proceeding in equity by plaintiff, as execution purchaser of certain property in Kansas City,

to have annulled and set aside a deed previously made thereto by respondent, the Franklin Investment Company, to its co-defendants James L. and B. Lombard, for the reason alleged that the Franklin Investment Company was at the time of the making and delivery of said deed insolvent, and that the respondent grantees therein knew that said company was insolvent, and that said deed was made for the purpose of transferring the assets of said investment company, to hinder and defraud its creditors, among whom was the plaintiff herein. It is further alleged that this deed to the defendant Lombards casts a cloud upon plaintiff's title, and prevents him from selling or getting possession of the property.

At the trial the following facts were developed:

The respondent Franklin Investment Company was organized in 1891 as a Missouri corporation to be located at Kansas City, authorized by its charter to deal in real estate, to buy, sell, trade in notes and securities, and with a capital stock of one hundred thousand dollars, certified as fully paid up. The respondents, James L. and B. Lombard, were the promoters of the organization, and owners of the stock of same, except a few shares issued in the names of clerks in the office of other corporations managed and controlled by the Lombards, for the purpose of effecting organization. At the time the deed in question was made January 15, 1897, the respondent, James L. and B. Lombard, still owned all the stock of the company, except two shares, held by one William P. Cherry and Mrs. Era S. Lombard to qualify them to act as directors and officers of the company, and when the deed was made and executed James L. Lombard was president of the company, his wife Era S. Lombard was secretary, and William P. Cherry was vice-president. In 1895, the plaintiff purchased of the Lombard Investment Company certain notes aggregating $3,600, given by the Franklin Investment Company, and secured by mortgage upon real estate in the State of Kansas. The Franklin Investment Company,

through its real estate deals, became largely involved, so that in January, 1897, it owed to various banks and to J. L. & B. Lombard about $20,000, and on most of its obligation to the different banks with whom it was doing business, the defendant Lombards were either guarantors or indorsers for the Franklin Investment Company. In addition to this indebtedness the company also owed the above debt to the plaintiff of $3,600 with the interest due thereon, and a small amount on other notes, secured by mortgages upon real estate, about which there is no controversy here. On January 15, 1897, the Franklin Investment Company, acting through W. P. Cherry, its vice-president, entered into a contract with J. L. and B. Lombard to sell them the real estate in controversy for $50,725, to be paid for as follows: the assumption of the payment of two notes secured by deed on the property in controversy of the aggregate sum of $30,000, and the payment and cancellation of the $20,725 of notes above mentioned, due and owned by the company. Afterwards on the same day the company made a deed, conveying to the Lombards the property in accordance with the terms of the contract, and said deed was on January 28, 1897, placed on record. The Lombards subsequently paid the $20,725 of indebtedness assumed by them to be paid, and are still liable for the $30,000 originally upon the property secured by deed of trust thereon. Some months after the conveyance of the property in question to the Lombards, the appellant, without taking steps to foreclose the mortgage securing his obligations against the Franklin Investment Company, brought suit against the company, and obtained a judgment therein for $3,873.40. On that judgment execution was duly issued, and the property in controversy was levied upon as the property of the Franklin Investment Company, and sold, the plaintiff becoming the purchaser thereof for the sum of $1,000, and afterwards he caused to be instituted this suit to set aside

the deed formerly made by the Franklin Investment Company to the respondents James L. and B. Lombard.

The evidence on part of defendant tended to show that at the time of the sale and conveyance of the real estate in controversy on January 15, 1897, the Franklin Investment Company owned other property out of which any and all of its debts could have been levied, and that all the notes assumed and paid by the Lombards for the Franklin Investment Company named in the deed of January 15, 1897, were valid notes, given in the ordinary course of business for money loaned to the company in prosecution of its ordinary business and that the land in controversy was not worth any more, if as much, as the Lombards had taken it at. As said before, the deed to this land was made on behalf of the corporation by W. P. Cherry, as vice-president, and attested by Mrs. Era S. Lombard as secretary, and James L. Lombard was at that time president of the corporation, and B. Lombard was one of its directors.

This statement of the facts of the case would seem to determine the correctness of the action of the trial court in dismissing plaintiff's bill, which he now, challenges by his appeal to this court.

That the stockholders James L. and B. Lombard had the right to buy and have conveyed to them the land in question and that the Franklin Investment Company had a right to sell to them the land in satisfaction and extinguishment of debts due by the company, is no longer an open question in this State. This court has gone to the extent of holding that the directors of a corporation have the right even to pay just debts to themselves out of the assets of the corporation to the exclusion of other creditors of the corporation, and that too, though the corporation at the time is known to be insolvent. The renewal of a discussion of that proposition at this time, as sought by appellant, would serve no useful purpose here, as no facts were developed at the

trial to which an application of that proposition could properly be made.

Nor do we see how, under the issues presented by the pleadings, the question now urged by appellant, that the deed was not duly authorized by the directors of the corporation, or that it was not signed by the proper officers, or was not acknowledged as required by statute, can be made of avail to him in this character of action. The allegations of plaintiff's bill are that the deed to the land in question was made by the Franklin Investment Company (a then insolvent corporation) to its directors, James L. and B. Lombard, for the purpose of covering up its assets, and to hinder, delay and defraud its creditors, and the prayer of the petition is that the deed be set aside as fraudulent for that reason.

Even though it be conceded that the officers of the corporation as a body, never got together, and formally authorized by resolutions spread upon the record, the making of the deed in question, or formally authorized its execution by the vice-president, and that the acknowledgment as taken was not in all particulars in full compliance with the statute, these facts would be unavailing to appellant in this character of a proceeding, and particularly so in view of the well-established fact that at the time the deed was made by the corporation it had abundance of other property out of which all its then existing creditors could have made their debts.

It is a matter of no concern to a creditor of a corporation, whether a deed to the corporation's property be ordered made by the individual directors, or whether it has been done by an order of the directors as a body, at a board meeting upon resolution duly spread upon the records of the corporation, or whether it was directed to be executed by its vice-president in lieu of its president, if the deed to be made, and that is executed, does not have the effect to hinder, delay or defraud the creditor of the corporation in the collection of his debt. A creditor will be heard in complaining of the

manner of the execution of a corporation deed previously made, in so far only, as the conveyance made thereby operates to his detriment or harm. If for any reason the officers of the corporation, in the effort to dispose of the corporation's property, have failed to comply with the essential prerequisites to evidence corporate action in that particular, certainly a creditor of the corporation who has afterwards purchased the property thus attempted to be sold and disposed of, ought not to be heard to complain of those irregularities that have resulted only to his benefit, by leaving more property in the corporation's control out of which the creditor's debt might be made. In a contest by plaintiff against defendant Lombards for the possession of this land, he might make these objections to the deed in question being offered in evidence in support of defendants' claim to the land, on the ground that the deed had not been executed by the proper officers of the corporation (if it had not been signed and executed in fact by the proper officers), or he might perhaps be permitted to show that the deed as executed had never been authorized by the proper officers of the corporation, if such was the fact, but whether the deed made by the corporation was properly acknowledged or not, could be of no avail to the plaintiff, who purchased the land afterwards in the knowledge of all the facts of the situation, whether the suit by him be one to set aside the corporation's deed, made in fraud of the corporation's creditors (as the present case), or whether it be an action for the possession of the land by him as a creditor who had purchased the property at an execution sale against the corporation. A defective or imperfect acknowledgment of the deed in question, under the facts of this case, is a matter that could in no way affect the rights of either party in this suit. The deed without an acknowledgment was good to pass the title of the investment company, the acknowledgment being only necessary to entitle it to be recorded. In view of the nature of plaintiff's action, and the facts as developed at

the trial, all these objections of plaintiff to the deed in question are wholly unavailing to him. The suit by plaintiff is predicated upon the existence of a deed which has operated to transfer the property of the Franklin Investment Company to its co-defendant, James L. and B. Lombard, and without which fact the plaintiff would have no standing in court prosecuting this character of an action.

So, also, the point is made by the appellants that the payment of the notes, upon which the Lombards were guarantors for the Franklin Investment Company, constituted no consideration for the transfer of the property to them by the company, because their liability thereon had not at that time become fixed, is not well made. While it is true, as shown by the testimony, that some of these notes of the Franklin Investment Company upon which the Lombards were guarantors, and which in the agreement to purchase the land in question they assumed absolutely to pay and afterwards did pay, were not at the time the deed in question was executed, actually due, and the occasion had not arisen for the Lombards to pay them to prevent judgments against themselves as guarantors, their agreement to relieve the company of all liability on account of the notes and to assume and to pay them as primary obligations of their own, constituted a good consideration, to that extent, for the deed from the company to them of the property in controversy. Though the Lombards could not have compelled the Franklin Investment Company to have conveyed the land to them, as was done, under the contract between themselves, nor have enforced a claim against the company, on account of being guarantors on the company's notes, until the notes had matured and same had been paid off by them, yet their conditional liability on the notes was no hindrance to their assumption of unconditional liability thereon, so far as the Franklin Investment Company was concerned, and that assumption, and after-performance by the Lombards, constituted a good and valid consideration

to the Franklin company, to that extent, for the deed to the property in question. All the property disposed by the Franklin company included in the deed to the respondent Lombards, went for the purpose of paying off and settling for bona fide debts and just obligations for which the Franklin company was primarily liable.

Other assignments of error have been made by appellant, but as none are such as to go to the defeat of a deed made by a solvent corporation in the payment of its bona fide debts to prior good-faith creditors, whether they be directors, creditors or otherwise of the grantor corporation, their consideration is made unnecessary at this time. When the plaintiff failed to show that the debt for which the respondent company's deed was made, was not bona fide, or that the property conveyed thereby was not of a value in excess of the debts for which it was given to liquidate (under our laws where all creditors of a corporation stand upon an equal footing), there was nothing left for the trial court to do other than to dismiss the plaintiff's bill, as was done. Its judgment is therefore affirmed. *Brace, P. J.,* and *Marshall* and *Valliant, JJ.,* concur.