L. PITMAN, Appellant, v. CHICAGO-JOPLIN LEAD & ZINC COMPANY, Defendant; G. H. ELMORE, Interpleader, Respondent.

Kansas City Court of Appeals, May 8, 1905.

1. CORPORATIONS: Preferring Creditor: Directors. A failing corporation may prefer any bona fide creditor even though he be a director.

2. ————: Creditor: Preceding Debt. Where a loan is made prior to the incorporation the corporation may lawfully give its note for such debt where it receives the benefit thereof.

3. ————: Director's Meeting: Notice. Where the proceedings at a meeting of the directory are regular on their face the presumption is in favor of the regularity and the burden is on the party attacking the same to show want of notice.

113 App—33.

Appeal from Barton Circuit Court.—*Hon. H. C. Tim-monds*, Judge.

AFFIRMED.

*H. W. Currey* for appellant.

(1) The management of affairs of a corporation are by the law committed to the care of the board of directors; and, each director is conclusively presumed to know all about the conditions of the corporation, its property, debts and assets. R. S. 1899, sec. 973; Martin v. Webb, 110 U. S. 7; Austin v. Bank, 174 U. S. 147; Bank v. Hill, 148 Mo. 391; Bank v. Chatfield, 121 Mich. 641; Greener v. Moshier, 58 Neb. 156; Bank v. Trust Co., 148 N. Y. 627; Ewell Evans on Agency, page 278; Marshall v. Bank, 85 Va. 676, 223, 574; Ellis v. Ward, 137 Ill. 509. (2) Interpleader Blair knew the capital stock of the corporation had not been paid; if Blair loaned the company money it was to keep the fact of the non-payment of capital stock from being known, and thereby enable the company to contract more debts by fraud and to enable Norton to commit more fraud by the sale of the stock in Chicago. (3) Blair is liable in an action in fraud and deceit for the debts of the corporation contracted while he was a member of the board of directors. Van Cleve v. Berkey, 143 Mo. 136; Clam v. Brown, 124 Ind. 287; Kelley v. Clark, 21 Mont. 291; Cutter Co. v. Scott, 157 Mo. 520; Kelly v. Clark, 21 Mont. 291; Bank v. Investment Co., 74 Tex. 420; Huntington v. Antill, 118 N. Y. 365; Thompson on Corporations, secs. 1503-4141; Hubbard v. Mead, 79 Iowa 678. (4) There was no legal meeting of the board of directors ordering this bill of sale. R. S. 1899, sec. 973; R. S. 1899 sec. 1022; Hill v. Coal Co., 119 Mo. 9; Paper Co. v. Show Co., 144 Mo. 331; Thompson v. Williams, 76 Cal. 155; Simons v. Seavers Ass'n, 54 Ark. 58; By-Laws,

art. 1, sec. 4, Rec. P. 63. (5) The burden of proving that the directors acted in good faith in making the conveyance to Blair and that the whole transaction is beyond the reach of suspicion rests on the Interpleader. State ex rel. v. Mfg. Co., 149 Mo. 181; Pitman v. Ellmore, 93 Mo. 592.

*McReynolds & Halliburton* with *R. G. Blair* for respondent.

(1) A corporation has the same right to prefer creditors that an individual has, and though insolvent, may execute an honest preference in favor of one of its creditors to the exclusion of others. (2) And the directors when bona fide creditors stand on a footing as good as general creditors. (3) A corporation may transfer its property to its directors to repay money advanced to it by them in the same way it can use property to pay the president or other officers for services performed by them in managing the business. (4) The transfer of a corporation's property by a deed which makes the directors voting for it preferred creditors is not invalid for that reason alone. Foster v. Planing Mill Co., 92 Mo. 87; Milling Co. v. Commission Co., 128 Mo. 480; Meyer v. Chair Co., 130 Mo. 188; Schufeldt v. Smith, 131 Mo. 280; Schufeldt v. Smith, 139 Mo. 367-374; Hall v. Goodright, 138 Mo. 576; Butler v. Lead and Mining Co., 139 Mo. 467; State ex rel. v. Mfg. Co., 149 Mo. 206, 207, 208-214; Milling Co. v. Burns, 152 Mo. 376; Swentzell v. Investment Co., 168 Mo. 272-278; Heidbreder v. Ice & Cold Storage Co. et al, 184 Mo. 446-456. (5) Directors are not trustees for all general creditors alike, nor is their power limited in dealing in good faith with the property by way of preference to one creditor so long as the company undissolved hold the title to the property. Alberger v. Bank, 123 Mo. 313; Schufeldt v. Smith, 131 Mo. 280; Butler v. Mining Co., 139 Mo. 477, 482; State ex rel v. Mfg. Co., 149 Mo.

213-214; State to use v. Adler, 97 Mo. 413. (6) This case was tried in strict compliance with the opinion of this court on former appeal. Pittman v. Elmore, 93 Mo. App. 592.

JOHNSON, J.—Defendant, a Missouri corporation, being insolvent on June 1, 1900, conveyed by bill of sale certain personal property to R. G. Blair, one of its directors. The consideration was one thousand dollars, which Blair paid by giving credit upon a debt of twelve hundred dollars owed him by defendant. Afterwards, upon the same day, defendant made a deed of assignment for the benefit of its creditors. The execution of both conveyances was authorized and directed at a meeting of defendant's board of directors attended by Blair who participated in the proceedings excepting the action taken with respect to the payment upon his claim. In that matter, he refrained from attempting to act for the corporation. The property sold to Blair was resold by him to G. H. Elmore, who appears herein as interpleader.

Afterwards, plaintiff, a creditor of defendant, brought this action, procured a writ of attachment and caused it to be levied upon the property mentioned. Subsequently, Elmore interpleaded. About this time Blair and Elmore agreed to rescind the contract of sale made between them with the understanding that the interplea would be prosecuted in the name of Elmore for the benefit of Blair. A trial of the issues thus raised resulted in favor of the interpleader, but on appeal to this court the judgment was reversed and the cause remanded. [93 Mo. App. 592.] At the second trial interpleader again prevailed and the cause is now here, as before, upon the appeal of plaintiff.

The right of defendant corporation to give preference to the debt of one of its directors was so fully discussed in our former opinion that we will content our-

selves with a mere restatement of the rule now firmly established in this State. A corporation in a failing condition may prefer in payment or security the valid debt of any of its creditors, and the fact that such creditor, is also a director is without effect, provided the act is characterized by good faith. [Foster v. Planing Mill, 92 Mo. 79; Alberger v. Bank, 123 Mo. 313; Schufeldt v. Smith, 131 Mo. 280; s. c. 139 Mo. 367; Bangs Milling Co. v. Burns, 152 Mo. l. c. 376; Swentzel v. Investment Co. 168 Mo. 272.] Recently, in Heidbreder v. Superior Ice & Cold Storage Co., 83 S. W. Rep. 466, 184 Mo. 446, 456, the Supreme Court, dealing with a case similar to this in essential features, said:

"Whatever may be the law in other jurisdictions, the rule is well settled in this State that stockholders or directors of a corporation can lawfully lend money to the company, and the company can lawfully prefer them by transferring enough property of the company to fairly and reasonably secure or pay them what the company owes them."

It is contended the evidence fails to show a good faith debt subsisting at the time of the transfer in favor of Blair against defendant. The trial court, sitting as a jury, found this issue of fact for the interpleader, and in our opinion the evidence abundantly sustains the finding. No merit is perceived in the suggestion that as the loans made by Blair preceded the date of defendant's incorporation their repayment could not be assumed. The proceeds of the loans were used, as intended, in the prosecution of the business for the continuance of which defendant was brought into being. The corporation received the fruits of these advances, and gave its notes to Blair in acknowledgment of its obligation to assume the payment of the debt. Such action was within its corporate powers and in execution of obvious duty. [Schufeldt v. Smith, 139 Mo. l. c. 376.]

The trial court sustained the good faith of the

transaction between defendant and Blair in all particulars and tried the case in obedience to the rules announced in our former opinion. The conclusions of that tribunal upon the facts are supported by substantial evidence. No reason appears for interference by us.

But it is urged the preference be set aside because the directors' meeting at which it was authorized was held without the giving of any notice thereof to the director, Norton. Five members composed the board of directors, four of whom were present—one more than a quorum. The absentee, Norton, lived in Chicago. He was the owner of all of the capital stock except four shares distributed among the four other directors. In his deposition he stated that he had timely notice of the meeting; but the claim is made that his evidence is flatly contradicted in the correspondence between him and the president which appears in evidence. We do not think so. In the period of trouble preceding the end, Norton by mail and wire kept in very close touch with all that was going on. Evidently, the directors in what they did but carried out his orders and suggestions. We are not warranted in disbelieving him and in holding, as not have the effect of making the same personal proper-meeting in time to attend. The burden of proof was upon plaintiff to show that Norton had no notice. In the absence of any showing, the law will presume the meeting was legally called. [3 Thompson on Corp. sections 3927, 4029; Chouteau Ins. Co. v. Holmes, 68 Mo. 601.]

Nor is it material in considering this point that the burden was cast on the interpleader to show good faith in the giving of his preference. It is not intimated that any fraudulent purpose prevented the attendance of the absent director. The proceedings were regular on their face, and this is sufficient to raise a presumption in their favor. This presumption instead of being overcome was reinforced by positive testimony, and the court was right in finding that Norton was duly notified.

Other points are made, all of which manifestly are
so devoid of merit that time will not be consumed in
discussing them.

The judgment is for the right party and is affirmed.
All concur.