THE STATE OF MISSOURI ex rel. R. G. BLAIR, Respondent, v. L. PITMAN et al., Appellants.

Kansas City Court of Appeals, April 6 and June 8, 1908.

1. **ATTACHMENT BOND: Principal and Surety: Enlarging Indemnity: Interpleader's Vendee.** An attachment was levied on certain personal property owned by one E who interpleaded therefor, during the pendency of which proceeding E sold to B in satisfaction of B's claim for purchase price and agreed to prosecute the interplea in his own name for the other's benefit. *Held*, the statute which the bond followed embraced within its scope the indemnity not only of a successful interpleader but his vendee and that B could maintain an action on the bond for the value of the goods and the costs and expenses of E in prosecuting his interplea.

2. ———: ———: ———: ———: **Jus Disponendi.**  *Held, arguendo*, to deprive an interpleader of his right to make a legal sale and assignment of his cause of action on the bond, would largely hamper his vendible interest in his property, and practically, at least, deprive him of the most valuable rights of proprietorship, the right to sell what he owns.

3. ———: ———: ———: ———: **Trustee: Statute.**  *Held*, further, *arguendo*, by the adjustment between E and B, E became the trustee of an express trust and could maintain the suit in his own name for the benefit of B under the express provisions of sections 541 and 764, Revised Statutes 1899, and B succeeded to E's right of action on the bond, which he could maintain in his own name under the provisions of section 540.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*F. L. Forlow* and *H. W. Currey* for appellant.

(1) There is no bill of exceptions, but we are entitled to have this court pass upon our objection that the petition does not state facts sufficient to constitute any cause of action. The answer directly raises the question. R. S. 1899, sec. 602. (2) The parties to a bond (not executed for the benefit of the general public, but for the benefit of specific persons), are those named therein; and the nominees only can maintain suits for breaches thereof. Dayton v. Warne, 43 N. J. Law, 659; Township v. Hull, 1 Atl. 492; Sister Mary Nonner v. Carlton, 52 Atl. 210; Barber v. Glendose, 99 N. W. 548; Buffalo v. M'Naughton, 35 N. Y. Supp. 453; Hurd v. Insurance Co., 34 N. Y. Supp. 915. (3) This bond is to be distinguished from bonds of public officers, which are generally for the benefit of persons not named therein as obligees. Jefferson v. Asch, 53 Minn. 449. (4) The right to sue on this bond is given to one who files an interplea under the provisions of section 417, and being a right given by statutes, can be availed of

only by the person filing the interplea.    Sutherland, Statutory Construction, secs. 392, 393.

*McReynolds & Halliburton* for respondent.

(1)   Section 764, Revised Statutes 1899, provides that where an interest is transferred pending action suit may be continued in the name of original party. The transferee being bound to indemnify the transferer. (2)   The arrangement between Elmore and Blair and the continuation of the interplea in Elmore's name for the benefit of Blair made Elmore the trustee of an express trust in that action.    (3)   An express trust in personalty may be established by parol testimony. Bank v. Moss, 80 Mo. App. 408; Pitts v. Weakley, 155 Mo. 109.    (4)   The transaction between Elmore and Blair subrogated Blair to all the rights of Elmore in the property and interplea action.    Barton Bros. v. Hunter, 59 Mo. App. 618; 2 Beach, Mod. Eq. Jur., sec. 804.    (5) That Elmore could have maintained this action for the use and benefit of Blair would hardly be disputed by any lawyer.    And appellant's attorney substantially so concedes.    Our statute expressly provides for such action.    (6)   The foregoing being true, Elmore, as trustee of an express trust, could maintain this action.    R. S. 1899, sec. 541; Leaky v. Lubman, 67 Mo. App. 196; Springfield to use v. Weaver, 137 Mo. 670; Nelson v. Hirsch & Sons Co., 102 Mo. App. 12; Sawyer v. Railway, 156 Mo. 475.    (7)   And this action can be maintained by both Elmore and Blair or by Blair alone. R. S. 1899, sec. 540; Ellis v. Harrison, 104 Mo. 270; Choteau v. Brigham, 100 Mo. 411, and cases cited; Roswell v. Skinker, 84 Mo. App. 176; Mosman v. Bender, 80 Mo. 584.    (8)   Pitman v. Elmore, 93 Mo. App. l. c. 595-6.

JOHNSON, J.—Action on an attachment bond. Relator alleges in his petition that some time before the

writ of attachment was issued and levied, he sold certain personal property owned by him and used in and about a mine in Jasper county to G. H. Elmore for twelve hundred dollars, the sale being made on credit. Defendant Pitman brought suit by attachment in the circuit court of Jasper county against the Chicago-Joplin Lead & Zinc Co., a corporation, on a demand of fourteen hundred sixty-nine and eighty-seven one-hundredths dollars, filed the bond on which the present suit is founded and caused a writ of attachment to be issued and levied on the property previously sold by relator to Elmore claiming it to be the property of the corporation sued. Elmore filed an interplea and afterward becoming dissatisfied with his purchase on account of the litigation in which it involved him, agreed with relator to rescind the contract of sale and further agreed to prosecute the interplea in his own name but for the use and benefit of relator. The issues raised by the interplea were before this court twice on appeal and finally were resolved in favor of Elmore who was adjudged to be the owner of the attached property. [93 Mo. App. 592; 113 Mo. App. 513.] During the pendency of that suit, Pitman converted the property into money and the present action is to recover judgment on the attachment bond for the value of the property and the amount of the fees and expenses relator laid out while litigating in the name of Elmore. Answers were filed by the several defendants which presented defenses we do not find it necessary to state. The cause was tried before the court sitting as a jury and relator was given judgment for the penalty of the bond to be satisfied by payment of the amount adjudged to be due on his demand. Defendants made no bill of exceptions and brought the case here by appeal on the single proposition that the petition on its face shows that relator has no cause of action.

The condition of the attachment bond is as follows:

State ex rel. v. Pitman.

"If the said plaintiff shall prosecute his action without delay and with effect; refund all sums of money that may be adjudged to be refunded to the defendant or found to have been received by the plaintiff and not justly due to him and pay all damages and costs that may accrue to any defendant, garnishee or *interpleader* by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon and pay all damages and costs that may accrue to any sheriff or other officer by reason of acting under the writ of attachment, following the instructions of the plaintiff and pay all costs of the suit incurred on the part of the plaintiff, then this obligation is to be void, otherwise to remain in full force."

It will be observed the condition just quoted is in conformity with the provisions of the statute. (Section 372, Revised Statutes 1899.) Prior to the revision of 1889, that statute (then section 404, Revised Statutes 1879) did not require the attachment bond to provide for the indemnification either of an interpleader or of the officer who served the writ. The object and effect of the amendment was to include such persons within the protection of such bonds, but defendants call attention to the principle applicable to a cause of action founded on the obligation of a principal and sureties that the relation between the creditor and the security debtor is comprised within the strict letter of the contract and the obligation of the latter, by no liberal intendment shall be extended beyond the undertaking (Bauer v. Cabanne, 105 Mo. 1. c. 110, 118), and, assuming that the revisors had this principle in mind when they amended the statute, argue that neither statute nor bond should be interpreted to embrace within the scope of the undertaking indemnity not only to the successful interpleader but also to the purchaser to whom such interpleader, after the levy of the writ and filing of his interplea transfers his interest in the at-

tached property.   We concede the soundness of the
principle invoked in aid of this contention but think it
should not be applied to the facts before us to exclude
relator from the protection of the bond.   Had Elmore
remained the owner of the interest in the property he
bought from relator before the attachment suit was
instituted, there can be no doubt the final adjudication
of the interplea in his favor would have afforded him
a right of action on the attachment bond and the fees
and expenses incurred by him in the prosecution of the
interplea.   Equally true is the proposition that the sale
and transfer by the interpleader to relator of his inter-
est in the subject matter, including the chose in action
belonging to him, included his right of action on the
attachment bond.   To say otherwise would be to de-
prive the interpleader of an important, perhaps the most
important element of his property right.   If he could
not make a legal sale and assignment of his cause of
action on the bond, his vendible interest in the prop-
erty might be a thing of no value and, practically at
least, he would be bereft of one of the most valuable
rights of proprietorship, i. e., the right to sell what
one owns.   A conclusion so harsh and unjust would be
inconsistent with section 764, Revised Statutes 1899,
which provides:   "When an interest is transferred in
any action now pending, or hereafter to be brought, oth-
er than that occasioned by death, marriage or other disa-
bility of a party, the action shall be continued in the
name of the original party, if the party to whom the
transfer is made will indemnify the party in whose
name the suit is to be continued against all costs and
damages that may be occasioned thereby, or the court
may allow the person to whom the transfer is made
to be substituted in the action; and in all such cases,
the party to whom the transfer is made shall be re-
quired by the court, upon application of the party who
made the transfer, either to give such indemnity or to
cause himself to be substituted in the action, and upon

his omission to do so, the court shall order the suit to be dismissed."

Under this provision, Elmore might do just what he and relator agreed he should do, viz., continue the prosecution of the interplea in his own name but for the use and benefit of relator. The effect of that agreement was to constitute him the trustee of an express trust. As such trustee, he continued to hold the legal title, but the entire beneficial interest was vested in relator. By the terms of section 541, Revised Statutes 1899, "a trustee of an express trust within the meaning of this section shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." Elmore became the nominal interpleader, relator the real interpleader, since it was his property right and his alone that was at stake in the litigation. Defendants concede in effect that Elmore could have maintained the present action in his own name but for the benefit of relator. If this be true, it follows as a necessary corollary that relator may maintain an action without the intervention of his trustee whose interest would be only representative and not substantial. Section 540, Revised Statutes 1899, provides that "every action shall be prosecuted in the name of the real party in interest." Being the real party in interest by reason of having acquired the title and interest of the original interpleader by purchase, relator succeeded to the right of action on the bond and may prosecute it either in his own name or through the medium of his trustee. This conclusion in no wise enlarges the scope of the undertaking of the sureties. They undertook to indemnify Elmore as interpleader and, as we have shown, he could transfer his right to the indemnity as one of the incidents of ownership and without altering in any manner the contract of the sureties. The following authorities are in point:

131 App.—20

Leahy v. Lubman, 67 Mo. App. l. c. 191, 196; Springfield to use v. Weaver, 137 Mo. l. c. 650; Nelson v. Hirsch, 102 Mo. App. l. c. 511; Sawyer v. Railroad, 156 Mo. l. c. 475; Ellis v. Harrison, 104 Mo. l. c. 270; Chouteau v. Boughton, 100 Mo. l. c. 411; Rothwell v. Skinker, 84 Mo. App. l. c. 176; Mosman v. Bender, 80 Mo. l. c. 584; Pitman v. Elmore, 93 Mo. App. l. c. 596; Renfro v. Prior, 25 Mo. App. l. c. 406; Smith ex rel. v. Rogers, 99 Mo. App. 252; State to use v. Koch, 47 Mo. 582.

The petition states a cause of action and it follows that the judgment must be affirmed. All concur.